UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

```
FILED

JUL 28 2008

CLERK, U.S. DISTRICT COURT
NORFOLK, VA
```

RICKY DONNELL NELSON, #312831,

        Petitioner,

v.                                        CIVIL ACTION NO. 2:07cv572

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

### UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

### A. Criminal Conviction Background

On July 18, 2002, Petitioner, Ricky Donnell Nelson ("Nelson"), was convicted in the Circuit Court of Spotsylvania County, Virginia ("Circuit Court"),[1] of driving after being declared a habitual

---

[1]Nelson was represented at that time by his court-appointed counsel, Nicholas A. Pappas, Esq. ("Pappas").

offender.[2]  Nelson was sentenced to serve five (5) years in prison,
three (3) years and two (2) months of which were suspended,
contingent upon good behavior for a period of ten (10) years
following his release from incarceration, for a total active
sentence of one (1) year and ten (10) months, as reflected in the
Court's Sentencing Order entered on October 29, 2002.   Case No.
CR02-268.

### B.  **Direct Appeal Background**

On July 18, 2002, Nelson noted his appeal to the Court of
Appeals of Virginia ("Court of Appeals"),[3] and on February 7, 2003,
the Court of Appeals indicated that it had yet to receive a trial

---

[2]The offense date for the instant conviction was November 16,
2001, when Nelson was stopped for operating a motor vehicle after
having been declared a habitual offender.   See Indictment for
Driving While a Habitual Offender - Subsequent Offense.   At his
arraignment on March 29, 2002, Nelson pled not guilty and waived
his right to a trial by jury.   See Conviction Order dated May 24,
2002.  On May 9, 2002, after conferring with counsel, Nelson moved
the trial court to change his plea of not guilty to guilty.   Id.
The trial court found that Nelson fully understood the nature and
effect of his guilty plea, specifically the penalties that may be
imposed and the waiver of trial by jury and of appeal.   Id.   The
trial court found that Nelson's plea was "voluntarily and
intelligently made."   Id.   The trial court was presented with a
verbal stipulation of the Commonwealth's evidence.   Id.

[3]Nelson filed his notice of appeal pro se, copied to Pappas,
his trial-court counsel.   Pappas, via letter to Nelson, dated
September 25, 2002, stated his desire to withdraw as counsel.
Nelson filed a request for court-appointed counsel on October 22,
2002.   By order dated October 30, 2002, Kristie L. Kane, Esq.,
("Kane") was appointed to represent Nelson on appeal.

transcript or statement of facts and ordered Nelson to show cause.[4] Nelson filed a response to the court's show-cause order, indicating his belief that he could pursue two (2) issues without reference to a trial transcript or statement of facts.[5]   By order, entered February 28, 2003, the Court of Appeals dismissed Nelson's appeal.[6] Record No. 2337-02-2.

On January 15, 2004, Nelson filed a petition for a writ of habeas corpus ("first state habeas petition") in the Supreme Court of Virginia.[7]   On May 10, 2004, Respondent, by counsel, filed his

---

[4]The Court of Appeals noted that in the absence of a trial transcript or statement of facts, the court would consider only the issues that may be decided without reference to those items, and ordered Nelson to explain why the issues presented could be decided without reference to a transcript or statement of facts.

[5]These issues were:
(1)   Whether the trial court erred in ordering the appellant to waive his Fourth Amendment right against unreasonable search and seizure at any time by law enforcement officers during Nelson's probationary period by abusing its discretion and violating the appellant's due process rights; and
(2)   Whether the appellant was denied effective assistance of counsel when his attorney failed to maintain communication with the appellant regarding his case and failed to fully apprise the appellant of the consequences of his plea.

[6]The Court of Appeals found that a transcript or statement of facts was indispensable to a determination of the first issue, supra note 5, and further found that claims of ineffective assistance of counsel may no longer be raised on direct appeal, citing the repeal of Va. Code § 19.2-317.1, which authorized the direct appeal of such claims under limited circumstances.

[7]The first state habeas petition presented essentially the following claims:
A.   Appellate counsel (Kane) failed to file a transcript or statement of facts in the Court of Appeals;
B.   Appellate counsel (Kane) was ineffective for failing to

answer and asked the court to grant Nelson an opportunity to file a delayed direct appeal to the Court of Appeals, but to deny Nelson's other claims.[8]  On May 13, 2004, Nelson filed a response to Respondent's answer.  On August 19, 2004, the Supreme Court of Virginia awarded a writ of habeas corpus to Nelson "limited to the issue of the denial of his right to appeal" and gave Nelson leave to apply to the Court of Appeals of Virginia appealing his July 18, 2002 conviction.  Record No. 040231.  The Supreme Court of Virginia dismissed Nelson's other claims without prejudice.  Id.  On August 27, 2004, Nelson filed his notice of appeal and requested the

---

appeal to the Supreme Court of Virginia or to raise "other meritorious issues on appeal";

    C.    Trial counsel (Pappas) was ineffective in various respects regarding Nelson's guilty plea;

    D.    Trial counsel (Pappas) was ineffective at trial and sentencing for failing to object based on an alleged conflict of interest on the part of the Commonwealth of Virginia's prosecuting attorney;

    E.    The Commonwealth of Virginia violated Nelson's Sixth Amendment rights by housing Nelson in Sussex Correctional Institute and by appointing an attorney in the Fredericksburg area to represent him;

    F.    The trial court erred in ordering Nelson to waive his Fourth Amendment rights against unreasonable search and seizure during a period of good behavior; and

    G.    The trial court erred in its handling of the alleged conflict of interest.

[8]The Court notes that Respondent was originally directed to file a responsive pleading by March 31, 2004.  Respondent filed a motion for extension of time on March 31, 2004, which was granted on April 15, 2004.  Respondent was then granted an extension of time until April 30, 2004, but filed a second motion for extension of time on April 30, 2004.  On May 18, 2004, the Supreme Court of Virginia granted an extension of time until May 10, 2004.

4

appointment of counsel.[9]   A per curiam opinion of the Court of
Appeals, dated March 11, 2005, denied Nelson's appeal.[10]  Record No.
2042-04-2.  On June 13, 2005, a three-judge panel of the Court of
Appeals affirmed the per curiam ruling.  On October 13, 2005, the
Supreme Court of Virginia refused Nelson's petition for appeal.[11]
Record No. 051348.

### C.  Habeas Petition Background

On April 20, 2006, Nelson executed a pro se petition for a
writ of habeas corpus ("second state habeas petition") that was
filed by the Circuit Court on April 26, 2006.[12]  On September 1,

---

[9]Eugene Frost, Esq., ("Frost") was appointed counsel by court
order dated September 3, 2004.

[10]Nelson, with the assistance of counsel, argued that his
conviction should be reversed because the Commonwealth of
Virginia's prosecuting attorney had represented Nelson on another
criminal charge in 1994, and thus a conflict of interest existed.
The court found that because Nelson did not object to the
voluntariness of his guilty plea, he waived his right to appeal
this issue.

[11]The Supreme Court of Virginia was asked to consider only
whether "[t]he trial court erred by allowing [Nelson's] former
counsel to prosecute [him]."  Petitioner's Petition for Appeal, at
2.

[12]The Court notes that a Virginia Supreme Court Special Rule,
effective September 1, 2004, recognizes a prison mailbox rule for
inmate filings in the Virginia trial courts: a paper is timely
filed by an inmate when "deposited in the institution's internal
mail system with first-class postage prepaid on or before the last
day of filing."  Va. Sup. Ct. R. 3A:25.  The Court has applied this
rule in considering Nelson's second state habeas petition as filed
on the date of execution, April 20, 2006, for tolling purposes,
infra.
     The second state habeas petition presented essentially the
following claims:

5

2006, Respondent filed his answer to the petition.[13]  On January 22, 2007, the Circuit Court denied and dismissed Nelson's second state habeas petition.  Record No. 040231.  The Circuit Court found that claims 1 and 2 were without legal or factual merit.  The Circuit Court also found that claims 3, 4, and 5 could have been raised at trial or on direct appeal and thus were barred from review in a habeas corpus petition.[14]  On March 19, 2007, Nelson filed in the

_____

1.    Trial counsel (Pappas) was ineffective in his handling of issues related to the guilty plea, specifically that counsel coerced Nelson into pleading guilty, did not advise Nelson that he was waiving his right to appeal, and failed to maintain communication with Nelson regarding the consequences of his plea;

2.    Trial counsel (Pappas) was ineffective for failing to object to an alleged conflict of interest;

3.    The Commonwealth of Virginia violated Nelson's Sixth Amendment right to counsel by housing Nelson some distance from his trial counsel;

4.    The Circuit Court erred in directing Nelson to waive his Fourth Amendment rights as a condition of his suspended sentence; and

5.    The Circuit Court erred when it denied Nelson's oral motion regarding the conflict of interest on the part of the Commonwealth's attorney.

[13]By court order, dated June 2, 2006, Respondent was given 45 days to show-cause why the second state habeas petition should not be granted.    On July 18, 2006, Respondent filed a motion for extension of time in which to file a response, which was granted on July 20, 2006.  Nelson filed an objection to the extension of time on July 31, 2006.  The record does not reveal a specific decision by the Circuit Court regarding Nelson's objection, however, Respondent was permitted to file a response on September 1, 2006.

[14]The Circuit Court noted to the extent that Nelson framed claim 3, see supra note 12, as one of ineffective assistance of counsel, Nelson failed to articulate any acts or omissions of counsel or prejudice to Nelson.  This Court notes that upon appeal to the Supreme Court of Virginia, Nelson framed the claim solely as a denial of his Sixth Amendment right to counsel by the

6

Supreme Court of Virginia his petition for appeal of the denial of his second state habeas petition.[15]  On August 15, 2007, the Supreme Court of Virginia found that claims 4 and 5 were procedurally barred from consideration,[16] and the court refused the petition for appeal as to the remaining claims.  Record No. 070747.  Nelson filed a petition to set aside the judgment and grant a rehearing, but by order dated September 21, 2007, the Supreme Court of Virginia denied the petition.  Record No. 070747.

On November 29, 2007, while in the custody of the Virginia Department of Corrections at the Lawrenceville Correctional Center, Nelson executed the instant pro se federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("federal habeas petition").[17]  On March 31, 2008, Respondent filed a Motion to

---

Commonwealth of Virginia, thus abandoning any claim to ineffective assistance of counsel in that regard.

[15]This petition for appeal presented essentially the same claims as the second state habeas petition with the clarification of claim 3.  See supra note 12.

[16]The Supreme Court of Virginia found that claims 4 and 5 were "insufficient to comply with the requirements of Rule 5:17(c)," requiring assignments of error.  Record No. 070747.

[17]This petition was conditionally filed with this Court on December 6, 2007, as the Court assumed Nelson wished to proceed in forma pauperis.  On December 11, 2007, the Court requested Nelson's inmate account report.  The Court received that report on December 26, 2007.  On January 3, 2008, the Court entered an Order denying Nelson's request to proceed in forma pauperis.  Nelson petitioned for an extension of time in which to pay the filing fee, which was granted by court order dated January 29, 2008.  On February 20, 2008, the Court noted that Nelson paid the required filing fee and ordered the petition to be filed.

7

Dismiss and Rule 5 Answer,[18] accompanied by a supporting memorandum ("Respondent's Memorandum"), and a Notice of Motion Pursuant to Local Rule 7(K). On April 21, 2008, Nelson filed a brief in opposition to Respondent's motion to dismiss ("Petitioner's Brief").[19]

## B. Grounds Alleged

Nelson now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follow:

(1) Trial counsel (Pappas) was ineffective in various respects;

(2) Trial counsel (Pappas) was ineffective at trial and at sentencing for failing to object due to an alleged conflict of interest on the part of the

---

The Court notes that the United States Supreme Court promulgated certain amendments to the Rules Governing Section 2254 Cases in the United states District Courts, which became effective on December 1, 2004. As amended, Rule 3(d) adopts the prison mailbox rule with regard to § 2254 petitions. Accordingly, the Court recognizes the prison mailbox rule for federal habeas petitions. In this case, as there is no evidence in the record to the contrary, the Court will assume that Nelson mailed his federal habeas petition on the date he signed it, November 29, 2007, for statute of limitations purposes.

[18]The Court notes the motion read, "[t]he Director . . . moves the Court to dismiss Dwayne Lamont Johnson's petition for a writ of habeas corpus." The Petitioner is Ricky Donnell Nelson and is identified correctly elsewhere in the motion and in Respondent's other filings. The Court considers the reference to "Dwayne Lamont Johnson" to be a simple scrivener's error.

[19] On April 18, 2008, Nelson filed a motion for extension of time in which to file a response to Respondent's motion to dismiss. By order dated March 31, 2008, Nelson was permitted to file a response to Respondent's motion on or before April 24, 2008. As Nelson's response was received prior to the original deadline, his motion for extension of time is DENIED as MOOT.

Commonwealth of Virginia's attorney;

(3)  The Commonwealth of Virginia violated Nelson's Sixth Amendment rights by housing him far from his appointed counsel prior to trial;

(4)  The trial court erred in ordering Nelson to waive his Fourth Amendment right against unreasonable search and seizure during a period of good behavior;

(5)  The trial court erred in its handling of an alleged conflict of interest; and

(6)  The Circuit Court erred in its handling of Respondent's motion for extension of time in the second habeas petition filing.[20]

## II. **PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING**

As a preliminary matter, the Court notes that Nelson has requested an evidentiary hearing.  The Court has determined that an evidentiary hearing is not required, as purely legal issues are presented and the record before the Court adequately resolves the legal issues raised.  See Rule 8 of the Rules Governing Section 2254 Cases.  Accordingly, the Court DENIES Nelson's request for an evidentiary hearing.

## III. **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court FINDS that all of Nelson's claims are exhausted, but claims 4 and 5 are barred by the statute of limitations and procedurally defaulted, and claims 3 and 6 are procedurally

---

[20]Nelson labeled claim 6 above as claim 1 in his original filing.  For ease of understanding, however, the Court has renumbered Nelson's claims to be consistent with respect to all filings in each proceeding surrounding his second state habeas petition and federal habeas petition.

defaulted, so this Court will only review claims 1 and 2 on the merits.

## A. Claims 4 and 5 Barred by Statute of Limitations

Respondent asserts that a portion of Nelson's petition is barred by the statute of limitations. Respondent's Memorandum, at 3-4. The statute of limitations for actions under 28 U.S.C. § 2254, effective April 24, 1996, is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).

Ordinarily, Nelson would have had one (1) year from the date on which his conviction became final to file a petition for federal habeas corpus relief. His conviction became final on January 11, 2006, which was ninety (90) days after the denial of his direct appeal on October 13, 2005, by the Supreme Court of Virginia, and the date upon which the period for seeking direct review of his conviction by the United States Supreme Court expired. See U.S. Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Therefore, without considering any tolling provisions, infra, Nelson had until January 11, 2007, to file a habeas petition in this Court. Nelson's federal habeas petition was not considered

10

filed for statute of limitations purposes until November 29, 2007, see supra note 17, which was more than ten (10) months outside the applicable limitation period.

### 1. Tolling Considerations

A person in state custody, however, may toll the running of the limitation period during the time in which a properly filed application for state post-conviction or other collateral proceedings remains pending. 28 U.S.C. § 2244(d)(2). Such an application remains pending throughout the state review process, including the time period between a lower state court's decision and the filing of a notice of appeal to a higher state court. Carey v. Saffold, 536 U.S. 214, 220-21 (2002); Rouse v. Lee, 339 F.3d 238, 243-44 (4th Cir. 2003) (a state post-conviction proceeding for § 2244(d)(2) tolling purposes encompasses all state-court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." (quoting Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999))).

An application for state post-conviction review is "properly filed" not merely when it is delivered or accepted by the relevant court. Artuz v. Bennett, 531 U.S. 4, 8 (2000). Rather:

> an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

<u>Id.</u>  Thus, an application that does not conform to such rules, but that is nonetheless accepted by the clerk of a state court, is not a properly filed application; it is merely a "pending" application that does not toll the limitation period.  <u>Id</u>. at 9 (application was not properly filed and limitation period was not tolled where fee was not included with filing).  <u>See also</u>  <u>Pace v. DiGugliemo</u>, 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions.  Because the state court rejected petitioner's . . . petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").  On the other hand, an application that complies with such rules governing filings, but that contains claims that are procedurally barred, is still a properly filed application that tolls the statute of limitations.  <u>Bennett</u>, 531 U.S. at 9.

In the instant case, the record reflects that Nelson's application for state habeas relief with the Circuit Court was properly filed, within the meaning of § 2244(d)(2), on April 20, 2006.[21]  Thus, the statute of limitations was tolled for 277 days during the time that Nelson's second state habeas petition[22] was pending in the Circuit Court, from the date it was executed, April

---

[21]See <u>supra</u> note 12.

[22]Nelson's first state habeas petition is not considered for purposes of tolling since the grant of that petition by the Supreme Court of Virginia led to the extension of Nelson's direct appeal, <u>supra</u>.

20, 2006, see supra note 12, until January 22, 2007, when the Circuit Court dismissed the petition. Nelson appealed the decision of the Circuit Court denying his second state habeas petition to the Supreme Court of Virginia, which was denied on August 15, 2007. Record No. 070747. Nelson filed a petition for rehearing in the Supreme Court of Virginia, which was denied on September 21, 2007. Record No. 070747. However, because the Supreme Court of Virginia dismissed claims 4 and 5 of Nelson's appeal on procedural grounds, the analysis of the tolling of the statute of limitations during the pendency of that appeal is treated differently for claims 1-3, and 6 as compared to claims 4 and 5.

### 2. Tolling as to Claims 1-3 and 6

Claims 1-3 and 6 were not rejected on procedural grounds by the Supreme Court of Virginia. Thus, claims 1-3 and 6 are entitled to an additional 242 days of tolling during the time that Nelson's appeal before the Supreme Court of Virginia was pending, namely, from the date the Circuit Court issued its final ruling, January 22, 2007, until September 21, 2007, when the Supreme Court of Virginia denied Nelson's motion for rehearing. Accordingly, the aforementioned tolling extended the time for Nelson to file a federal habeas corpus petition with regard to claims 1-3 and 6 until June 13, 2008, which are thus considered timely filed.

### 3. Tolling as to Claims 4 and 5

The Supreme Court of Virginia dismissed Nelson's appeal

13

regarding claims 4 and 5 on procedural grounds because Nelson failed to assign specific errors pursuant to Rule 5:17(c). <u>See</u> <u>supra</u> note 16. Accordingly, Nelson was not entitled to tolling of the statute of limitations during the pendency of his appeal of his second state habeas petition to the Supreme Court of Virginia for claims 4 and 5. <u>Christian v. Baskerville</u>, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001) (petition for appeal was not properly filed because it did not contain a list of errors as required by Va. Sup. Ct. R. 5:17(c)); <u>Osborn v. Dotson</u>, 2002 WL 32443533 at *2 (E.D. Va.). <u>See</u> <u>also</u> <u>Pace</u>, 544 U.S. at 417; <u>Artuz</u>, 531 U.S. at 8.

Nelson, in asserting that claims 4 and 5 were timely filed, argues that his second state habeas appeal <u>did</u> comply with the requirements of the Supreme Court of Virginia's Rule 5:17(c). <u>See,</u> <u>e.g.</u>, Petitioner's Brief, at 3-5. This Court, however, cannot consider allegations that the state court misapplied state law. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Nelson was still entitled to tolling during the pendency of his second state habeas petition in the Circuit Court for claims 4 and 5 - a period of 277 days. This tolling extended the time for Nelson to file a federal habeas corpus petition with respect to claims 4 and 5 to October 15, 2007, which expired over 44 days before Nelson filed his instant petition on November 29, 2007.

14

Accordingly, having determined that claims 4 and 5 were filed more than 44 days after expiration of the federal statute of limitations, and having considered the applicable tolling provisions to which Nelson is entitled, the Court FINDS that claims 4 and 5 are time-barred and recommends that they should be DENIED and DISMISSED.

### 4. Equitable Tolling

The Court construes Nelson to argue that, because of his status as a pro se litigant, he should be excused from filing his petition late as to claims 4 and 5 because the statute of limitations should be equitably tolled. Equitable tolling of the limitation period is appropriate only when a petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246. "[A]ny resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustices would result." Harris, 209 F.3d at 330; Little v. United States, 184 F. Supp. 2d 489, 494 (E.D. Va. 2002). Courts have consistently rejected arguments that a petitioner should be excused for his unfamiliarity with the legal system and his pro se status because these are not "objective factor[s] external to the defense" under Murray v. Carrier, 477 U.S. 478, 488 (1986). See, e.g., Dellinger

15

v. Bowen, 301 F.3d 758, 766 (7th Cir. 2002) ("youth and lack of education do not constitute the type of external impediment sufficient to excuse a procedural default"), cert. denied, 537 U.S. 1214 (2003); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se petitioner's ignorance and misconceptions about the operation of the statute of limitations do not justify equitable tolling because they are not extraordinary circumstances beyond his control). Further, delays due to seeking legal advice, and related allegations of inadequate prison law libraries have consistently been held not to constitute the "extraordinary circumstances" to warrant the application of equitable tolling. Bilodeau v. Angelone, 39 F. Supp. 2d 652, 659 (E.D. Va. 1999) (refusing to excuse defendant's delay in order to seek legal assistance because "[defendant] has no right to legal representation in habeas proceedings"); Payne v. Rushton, C. A. No. 2:04-23351-TLW-RSC, 2006 U.S. Dist. LEXIS 32735, at *11 (D.S.C. Feb. 13, 2006) (denying defendant's request for equitable tolling for late filing because law library's failure to provide revised federal habeas filing deadlines did not "constitute 'extraordinary circumstances'").

The circumstances surrounding the filing of Nelson's petition are not so extraordinary as to invoke the principles of equitable tolling. See Harris, 209 F.3d at 330 (equitable tolling requires petitioner to demonstrate some action by respondent or "some other extraordinary circumstances beyond his control" prevented him from

complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims") (citing <u>Miller v. New Jersey State Dep't. of Corrections</u>, 145 F.3d 616, 618 (3rd Cir. 1998)). Nelson received notice of his default in the Supreme Court of Virginia when that court refused his appeal of the denial of his second state habeas petition on August 15, 2007. Though his request for a rehearing of that decision was denied over a month later, on September 21, 2007, Nelson did not execute the instant federal petition until more than two (2) months after learning of the refusal of this appeal regarding the denial of his second state habeas petition. He offers no explanation for this delay, much less any exceptional circumstances that the Court could consider as warranting the application of equitable tolling.

Accordingly, the Court FINDS that Nelson is not entitled to equitable tolling and that claims 4 and 5 are time-barred. Therefore, the Court recommends claims 4 and 5 should be DENIED and DISMISSED.

### 5. Actual Innocence

The Court further construes Nelson to contend he is entitled to equitable tolling of the statute of limitations to excuse the failure to timely file claims 4 and 5 because "failure to do so would thwart the '[e]nds of [j]ustice'" and "work a fundamental miscarriage of justice." Petitioner's Brief, at 4. The Court thus construes Nelson to assert actual innocence. The United States

Supreme Court has never held that an "actual innocence" exception to the AEDPA's one-year statute of limitations applies so as to excuse a petitioner's failure to timely file his federal habeas petition. See, e.g., Souter v. Jones, 395 F.3d 577, 589, 597 (6th Cir. 2005) (recognizing disagreement among the courts of appeals but noting the majority of the circuits allowing for equitable tolling based on actual innocence require the petitioner to diligently pursue his federal habeas claims); Bozman v. Kershaw Correctional Institution, 2006 WL 516734, *2 (D.S.C. Mar. 1, 2006) (adopting the reasoning of the Fifth and Eighth Circuits, finding "that a claim of actual innocence is an insufficient circumstance to warrant equitably tolling the statute of limitations without a showing that a petitioner has discovered new facts that could not have been found with reasonable diligence before the time for filing had ended.")  Further, the Fourth Circuit Court of Appeals continues to apply the "extraordinary circumstances" test set forth in Rouse, 339 F.3d at 246, in which equitable tolling of the limitation period is appropriate only when a petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." See also, Bozman, supra, at *2.

In the instant case, as discussed supra, Nelson has failed to timely file claims 4 and 5 for a writ of habeas corpus in this Court.  The claims were due to be filed by October 15, 2007

(including the applicable tolling of the statute of limitations to which he was entitled), but the petition was not executed until more than 44 days later, on November 29, 2007.  Indeed, Nelson fails to offer any reasons for the dilatory filing of the federal petition that would satisfy any of the three (3) elements set forth in <u>Rouse</u>, <u>supra</u>.  <u>See also</u>, <u>Harris</u>, 209 F.3d at 328-31 (holding that equitable tolling principles applied to statute of limitations cases under the AEDPA, but errors by the prisoner's collateral review attorney do not justify equitable tolling).  "Under long-established principles, petitioner's lack of diligence [in pursuing his rights] precludes equity's operation."  <u>Pace</u>, 544 U.S. at 418 and n.8 (2005) (citations omitted) (assuming without deciding that the AEDPA's statute of limitations can be equitably tolled and establishing a two-part test for equitable tolling in which the petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way").  Ultimately, Nelson only offers conclusory statements without any support and there is nothing in the record to demonstrate extraordinary circumstances beyond his control or external to his own conduct that would have prevented him from filing on time in this Court.

Accordingly, the Court FINDS that Nelson is not entitled to equitable tolling of the statute of limitations, thus claims 4 and 5 should be DENIED and DISMISSED as being untimely.

19

## B.   Exhaustion and Procedural Default

Notwithstanding the timeliness of Nelson's claims, in order for this Court to address the merits of his claims, each claim must be exhausted.  See 28 U.S.C. § 2254(b).  The exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court."  Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993).  Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings.  See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997).  In order for a claim to be considered exhausted, it must be "fairly presented to the state courts," which means "that both the operative facts and the controlling legal principles must be presented to the state court."  Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (internal quotations omitted).  "[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court," Matthews, 105 F.3d at 911 (citations omitted); such claims are treated as procedurally defaulted and barred from this Court's review.  Clagett v. Angelone, 209 F.3d 370, 378-79 (4th Cir. 2000). Further, if any of Nelson's claims were presented to the highest

state court, but were not addressed on the merits by that court, because they were procedurally barred in state court pursuant to an adequate and independent state procedural rule, the claims are exhausted, but the procedural default prevents federal habeas review of the merits. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).

Respondent has asserted that all of Nelson's claims are exhausted because they were presented to the Supreme Court of Virginia in Nelson's state habeas petition or because Nelson would be precluded from raising them upon a return to the state courts. <u>See</u> Respondent's Brief in Support of Motion to Dismiss and Rule 5 Answer, at 3.

### 1. Claims 3, 4, 5, and 6 are Procedurally Defaulted

Respondent asserts that claim 3[23] was barred from state court review pursuant to <u>Slayton v. Parrigan</u>, 215 Va. 27 (1974). Respondent's Brief, at 8 (citing <u>Slayton</u>, 215 Va. 27 (claims that could have been raised at trial or on direct appeal, but were not, and do not concern jurisdictional issues or ineffective assistance of counsel, cannot be addressed in habeas corpus)). This Court concurs.

The Circuit Court denied claim 3 pursuant to <u>Slayton</u>, Record No. CL06-466, which has consistently been held to constitute such

---

[23]Respondent's Brief in Support of Motion to Dismiss and Rule 5 Answer labels this claim as "Claim 4." The Court has renumbered the claims for ease of understanding. <u>See</u> <u>supra</u> note 20.

an independent-and-adequate state-law ground so as to support procedural default in federal court. <u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986); <u>Wright v. Angelone</u>, 151 F.3d 151, 159-60 (4th Cir. 1998). Thus, claim 3 is simultaneously exhausted and procedurally defaulted for purposes of federal habeas review.

Respondent also asserts that claims 4 and 5[24] are simultaneously exhausted and procedurally defaulted. Respondent's Memorandum, at 4-5. The Supreme Court of Virginia dismissed Nelson's appeal regarding claims 4 and 5 on procedural grounds because Nelson failed to assign specific errors pursuant to Rule 5:17(c).[25] See <u>supra</u> note 16. This rule has been held to be an independent-and-adequate state-law ground so as to support procedural default in federal court. See <u>Mueller v. Angelone</u>, 181 F.3d 557, 584 (4th Cir. 1999). Accordingly, these claims are simultaneously exhausted and procedurally defaulted for purposes of federal habeas review.

---

[24]Respondent's Brief in Support of Motion to Dismiss and Rule 5 Answer labels these claims as "Claim 5" and "Claim 6," respectively. The Court has renumbered the claims for ease of understanding. See <u>supra</u> note 20.

[25]Claim 4, notwithstanding the above analysis, would also be procedurally defaulted pursuant to <u>Slayton</u> as the Circuit Court found, Record No. CL06-466. <u>Slayton</u> has consistently been held to constitute such an independent-and-adequate state-law ground so as to support procedural default in federal court. Accordingly, this represents an independent reason for this Court to find that claim 4 should be denied.

Respondent asserts that claim 6[26] was never properly raised in Nelson's appeal of the denial of his second state habeas petition to the Supreme Court of Virginia, and therefore is simultaneously exhausted and procedurally defaulted in this Court.  Respondent's Brief in Support of Motion to Dismiss and Rule 5 Answer, at 6. Nelson had knowledge of the facts underlying this claim at the time he filed his appeal of the denial of his second state habeas petition to the Supreme Court of Virginia, namely, that the Circuit Court improperly granted Respondent's motion for an extension of time and improperly denied Nelson's objection to that extension, see supra note 13, and Nelson could have raised this claim at that time.  Because he failed to do so, this claim would now be barred from review by the Supreme Court of Virginia as procedurally defaulted under Virginia law,  Va. Code Ann. § 8.01-654(B)(2).  See Clagett, 209 F.3d 370 at 378-79.[27]  This rule has been held to be

---

[26]Respondent's Brief in Support of Motion to Dismiss and Rule 5 Answer labels this claim as "Claim 1."  The Court has renumbered the claims for ease of understanding.  See supra note 20.

[27]Notwithstanding the above analysis, claim 6 is also non-cognizable in this Court.  The federal habeas statute provides that a "federal court 'shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'"  Wright, 151 F.3d at 159 (quoting 28 U.S.C. § 2254(a)). Errors and irregularities occurring during state collateral review proceedings are not cognizable on federal habeas review.  Id.; Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988).
    Accordingly, Nelson in claim 6 merely asserts that the state habeas court committed a procedural error, which is not cognizable on federal habeas review, and represents an independent reason for

an "adequate and independent state ground" barring federal habeas review of the defaulted claims.  Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997).  Accordingly, claim 6 is simultaneously exhausted and procedurally defaulted.

Based on the foregoing, the Court FINDS that all of Nelson's claims are exhausted, but the Court further FINDS that claims 3, 4, 5, and 6 were procedurally defaulted under Virginia law and are therefore barred from this Court's review.  Therefore, the Court recommends that claims 3, 4, 5, and 6 be DENIED and DISMISSED.

### 2. Limited Exceptions to Procedural Default

Although a portion of Nelson's claims are procedurally defaulted, he may still obtain review of his claims if he can establish either: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider his claims will result in a fundamental miscarriage of justice because he is actually innocent of the crimes for which he was convicted.  Clagett, 209 F.3d at 379 (citing Coleman, 501 U.S. at 750); Weeks, 176 F.3d at 269.  Nelson has not  argued that his procedural default should be excused due to cause and prejudice, but Nelson has asserted that he qualifies for the actual innocence exception.  Petitioner's Brief, at 4, 10.

It is the petitioner's burden to establish the exception by providing new evidence, which demonstrates that it is more likely

---

this Court to find claim 6 should be denied.

than not that, but for the asserted constitutional errors, no reasonable juror would have found the petitioner guilty.  <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995); <u>accord</u> <u>Royal v. Taylor</u>, 188 F.3d 239, 243-45 (4th Cir. 1999) (applying the standard set forth in <u>Schlup</u> to a habeas petitioner asserting actual innocence in order to challenge a conviction based on petitioner's entry of a guilty plea).  As support for his claim of actual innocence, Nelson has simply stated, "[t]he petitioner alleges that the evidence was not sufficient to find him guilty beyond a reasonable doubt." Petitioner's Brief, at 10.   By his own statements, that his assertion of actual innocence rests on evidence in the existing record and the Commonwealth's lack of evidence, Nelson has demonstrated that he cannot meet the threshold requirement for this exception because he has not proffered any <u>new</u> evidence.   <u>See</u> <u>Schlup</u>, 513 U.S. at 327.

Further, the Court has reviewed the transcript from Nelson's plea hearing.  That transcript includes the Commonwealth's proffer of evidence to support the charges, during which the Circuit Court asked Nelson whether he "agree[d] that the evidence which the Commonwealth has is enough to establish your guilt beyond a reasonable doubt?"  Transcript of Record, at 8,  <u>Commonwealth v. Nelson</u> (May 9, 2002) (No. CR02000282-00).  Nelson responded, "Yes, sir."  <u>Id</u>. at 8.   The Commonwealth offered a proffer of the evidence.  <u>Id</u>. at 11-13.   Therefore, this Court finds that the

Circuit Court's determination regarding the Commonwealth's proffer was neither "legally [n]or factually unreasonable," See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000) (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)), and that Nelson's assertion that the "evidence was not sufficient" is misplaced. See Petitioner's Brief, at 10.

Accordingly, because Nelson has not established that he is entitled to the miscarriage of justice exception, the Court FINDS that claims 3, 4, 5, and 6 are procedurally barred before this Court, and recommends that each claim be DENIED and DISMISSED. Thus, the Court will address only claims 1 and 2 on the merits.

### C.   Merits

The Court now considers claims 1 and 2 on the merits.   A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d).   In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams

v. Taylor, 529 U.S. 362, 386 (2000). See also Bell, 236 F.3d at 157 (recognizing that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in § 2254(d), as interpreted by the Supreme Court in Williams[].").  Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 387.  Moreover, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be [objectively] unreasonable." Id. at 411.  In deference to the state court's decision, this Court may not grant relief unless it determines that decision on the merits was "legally or factually unreasonable." See Bell, 236 F.3d at, 163 (quoting Aycox, 196 F.3d at 1178).  Further, the Court is mindful that "a determination on a factual issue by a State court shall be presumed correct [in a habeas proceeding]," and the burden is on a petitioner to rebut that "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(d)(2); see also Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003), cert. denied, 541 U.S. 1032 (2004).  Because the Supreme Court of Virginia summarily dismissed Nelson's first and second claims, it must be presumed

that the Supreme Court of Virginia dismissed Nelson's claims for the same reasons as the Circuit Court. <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991). Accordingly, in addressing Nelson's claims, this Court must "look through" the Supreme Court of Virginia's decision to that of the Circuit Court. <u>Id.</u>

### 1.  Ineffective Assistance of Counsel

Claims 1 and 2 assert ineffective assistance of counsel. The controlling standard for such claims, is set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). As such, to grant Nelson relief on his claims, this Court must find that the state court's dismissal of such claims involved an unreasonable application of <u>Strickland</u>. Under <u>Strickland</u>, the state court was required to subject Nelson's claim to a two-prong test in which the petitioner must prove both ineffective assistance (incompetence) and prejudice. <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 381 (1986). To grant relief, the state court had to find: (1) Nelson's lawyer's performance fell below the range of competence demanded of lawyers in criminal cases, <u>Strickland</u>, 466 U.S. at 690; and (2) there is a reasonable probability that, but for the deficient performance by counsel, the ultimate result would have been different, <u>id.</u> at 694.

When assessing counsel's performance under <u>Strickland</u>'s first prong, the Supreme Court has stressed that the constitutional guarantee of effective assistance of counsel seeks only to "ensure that criminal defendants receive a fair trial," and not to "improve

the quality of legal representation." Id. at 689. The reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. In order to prevail, a petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Accordingly, the reviewing court must grant a "heavy measure of deference to counsel's judgments," and, in doing so, may only evaluate such performance from counsel's perspective at the time of the alleged error and in light of all the circumstances. Id. at 690-91; Kimmelman, 477 U.S. at 381. Additionally, a reviewing court generally should assess counsel's overall performance throughout the case, Kimmelman, 477 U.S. at 386, and avoid "Monday morning quarterbacking." Stamper v. Muncie, 944 F.2d 170, 178 (4th Cir. 1991); see also Strickland, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . .").

The second prong of the Strickland analysis presents an equally rigorous standard. To affirmatively prove prejudice, a petitioner must do more than merely demonstrate that his attorney's error had "some conceivable effect" on the outcome of the case. Strickland, 466 U.S. at 693. Rather, the petitioner must

demonstrate "a reasonable probability[28] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  As with the first prong, the reviewing court must consider the totality of the evidence before it in conducting the prejudice inquiry. Id. at 695.

Additionally, a reviewing court need not consider the two prongs of the Strickland analysis in sequential order. Strickland, 466 U.S. at 697.  The court need not even address both prongs if the petitioner fails to make a sufficient showing on one.  Id. When evaluating an ineffective assistance of counsel claim, a court should first apply whichever prong more quickly disposes of the respective claim.  See id.

## 2. Claim 1: Handling of Issues Related to Nelson's Guilty Plea

In claim 1, Nelson alleges that his trial counsel was ineffective for several reasons related to Nelson's guilty plea. Petitioner's Petition for Writ of Habeas Corpus, at 3-4. Specifically, Nelson argues that his trial counsel coerced him to plead guilty, did not advise him that he was waiving his right to appeal, and failed to maintain communication with Nelson. Id. at 4.

In the instant case, the Court looks to the decision of the

---

[28]The Court notes that this standard is not so high as to require that a petitioner "show that counsel's deficient conduct more likely than not altered the outcome in the case." Strickland, 466 U.S. at 693-94.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Circuit Court, Record No. CL06-466, as the last reasoned state judgment on this claim. Ylst, 501 U.S. at 803. The Circuit Court reviewed this claim on the merits and found it failed under both the "performance" and "prejudice" prongs of Strickland because the record established: (1) that Nelson's guilty plea was voluntary, thus counsel could not be ineffective for coercing Nelson's plea; (2) that counsel was not required to advise Nelson of his waiver of certain appellate rights, thus counsel could not be ineffective for failing to advise Nelson, but to the extent counsel did fail to advise Nelson, Nelson failed to show prejudice; and (3) that Nelson did not allege any specific acts or omissions of counsel that prejudiced Nelson, thus failing to state a claim of ineffective counsel for failure to maintain communication with Nelson. Record No. CL06-466.

Specifically, the Circuit Court noted that Nelson indicated at his guilty plea colloquy that he "decided for [him]self" to plead guilty, acknowledged that no one had threatened or forced him to plead guilty, and only posed a question to the court relating to the arresting officer's probable cause to stop his car. Transcript of Record, at 6-10, Commonwealth v. Nelson (May 9, 2002) (No. CR02000282-00). Nelson also affirmed that he had enough time to talk with counsel about his case. Id. at 7. In the federal habeas context, "'[a]bsent clear and convincing evidence to the contrary,' [a petitioner] 'is bound by the representations he made during the

[guilty] plea colloquy." Beck v. Angelone, 261 F.3d 377, 398 (4th Cir. 2001) (quoting Burkett v. Angelone, 208 F.3d 172, 191) (4th Cir. 2000)). The Circuit Court also relied on the averments of counsel that Nelson was repeatedly advised by counsel regarding his guilty plea. Record No. CL06-466. Based upon these facts, the Circuit Court held that this claim failed both prongs of Strickland. Record No. CL06-466.

Because the state court clearly articulated the rationale behind its ruling, an independent review of the record is not necessary. See Bell, 236 F.3d at 163. This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies. There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law. On its face, the state court's rationale appears to be a reasonable application of Strickland, which provides the controlling standard in ineffective assistance of counsel claims. Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Based on the foregoing, Nelson failed to show that the Circuit Court's dismissal of this claim on the merits was either factually or legally unreasonable. Accordingly, this Court RECOMMENDS that

claim 1 be DENIED and DISMISSED.

### 3.  Claim 2: Failure to Object to Alleged Conflict of Interest

In claim 2, Nelson alleges that his trial counsel was ineffective for failing to object to an alleged conflict of interest on the part of the Commonwealth's Attorney. <u>See, e.g., supra</u> note 10. In the instant case, the Court looks to the decision of the Circuit Court, Record No. CL06-466, as the last reasoned state judgment on this claim. <u>Ylst</u>, 501 U.S. at 803. The Circuit Court reviewed this claim on the merits and found that the "record is clear that counsel explored this alleged conflict, and made a reasonable decision that no such conflict existed." Record No. CL06-466. The Circuit Court found that the record factually "contradicts this claim" and that "this claim is without basis." Record No. CL06-466. In making these findings, the Circuit Court specifically cited the transcript of the sentencing hearing, which indicates that Nelson's trial counsel and the Commonwealth of Virginia's prosecuting attorney addressed the alleged conflict of interest on the record and both stated their belief that no conflict of interest existed. Transcript of Record, at 18-24, <u>Commonwealth v. Nelson</u> (May 9, 2002) (No. CR02000282-00).

Because the state court clearly articulated the rationale behind its ruling, an independent review of the record is not necessary. <u>See</u> <u>Bell</u>, 236 F.3d at 163. This Court may not grant relief on any claim previously adjudicated on the merits in state

court unless one of the two statutory exceptions applies. There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law. On its face, the state court's rationale appears to be a reasonable application of <u>Strickland</u>, which provides the controlling standard in ineffective assistance of counsel claims. Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Based on the foregoing, Nelson failed to show that the Circuit Court's dismissal of this claim on the merits was either factually or legally unreasonable. Accordingly, this Court RECOMMENDS that claim 2 be DENIED and DISMISSED.

## IV. RECOMMENDATION

For the foregoing reasons, the Court, having denied Nelson's motion for an evidentiary hearing, and having found: (1) that claims 4 and 5 are barred by the statute of limitations and procedurally defaulted pursuant to an independent-and-adequate state law; (2) that claims 3 and 6 are procedurally defaulted pursuant to an independent-and-adequate state law; and (3) that claims 1 and 2 asserting ineffective assistance of counsel are without merit, recommends that Nelsons's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be

34

GRANTED, and that all of Nelson's claims be DISMISSED.

Nelson has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

**V. <u>REVIEW PROCEDURE</u>**

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. <u>See</u> Fed. R. Civ. P. 72(b).

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based

on such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140

(1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States</u>

<u>v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

United States Magistrate Judge

Norfolk, Virginia

July 28, 2008

36

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed

this date to the following:

Ricky Donnell Nelson, #312831
Lawrenceville Correctional Center
1607 Planters Rd.
Lawrenceville, Virginia  23868
PRO SE

Donald E. Jeffrey, III, Esq.
Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia  23219
COUNSEL FOR RESPONDENT

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

July    , 2008

37